IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-284-BR-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| TERRELL LEE JONES, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for completion of the hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial.[1] The government presented the testimony of an officer with the Raleigh Police Department on an ATF task force. Defendant presented no evidence. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community if defendant is released before trial. The government's motion is therefore GRANTED.

## Background

Defendant was indicted on 18 August 2010 for possession of a firearm by a convicted felon allegedly occurring on or about 26 January 2010. The evidence presented at the hearing showed that the charges arise from a search of the residence at which defendant was living on the alleged offense

---

[1] The initial session of the detention hearing was held on 3 December 2010, at which by consent of the parties the court received only the testimony of the government's witness. (*See* D.E. 13). The remainder of the proceedings were continued on motion of defendant to 7 December 2010 to allow him time to attempt to identify a suitable third-party custodian. At that session, however, defendant still had not identified a potential third-party custodian and, on his motion, further proceedings were continued until today. (*See* D.E. 15). Today, defendant, again, had no third-party custodian to offer, but the court proceeded with completion of the hearing without objection.

date. In the bedroom that defendant and others in the home identified as his, there were located four rifles, one loaded .22 caliber rifle equipped with a scope, another .22 caliber rifle, a shotgun, and a sawed-off shotgun, and a duffel bag containing hundreds of rounds of .22 caliber and shotgun ammunition. The dresser in the bedroom contained a North Carolina identity card for defendant, additional .22 caliber and other ammunition (including a magazine apparently for one of the pistols referenced below), a rifle scope, a scale with marijuana residue, and marijuana seeds. During the search, the occupants of another bedroom pushed out of a window a box containing two pistols, ammunition, and baggies with marijuana, which police outside the residence immediately recovered.

Following the search, defendant admitted to the police that he had purchased the .22 caliber rifle with the scope several months earlier, but denied knowledge of the other firearms or ammunition. At the time of the alleged offense, defendant had been convicted of a felony, namely, attempted larceny from the person, for which he was sentenced to and successfully completed a year of probation.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including the number of firearms in defendant's bedroom and the residence as a whole, the loaded status of the rifle defendant admitted owning and another rifle, the sawed-off configuration of one of the shotguns, defendant's commission of the alleged offense 13 months after completion of his probation on his felony conviction, the lack of credibility of defendant's statement that he was unaware of the firearms other than his own and the ammunition in the closet in his bedroom, and the presence of drug paraphernalia in the dresser and elsewhere in the residence

(although the evidence of any drug-trafficking was not developed and the court gives these facts little weight); defendant's criminal record, consisting of the single felony conviction noted, which was for a violent offense; the absence of a proposed third-party custodian; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, the fact that defendant successfully completed a year of probation is offset by, among other evidence, his commission of the instant alleged offense within about a year after the probation ended. Additionally, while defendant has a limited criminal record, he is only 19 years old, his one conviction having been obtained when he was 16.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 10th day of December 2010.

James E. Gates
United States Magistrate Judge

3